IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESTERN MEDICAL PARK OWNERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-1266-C |
| ) | |
| UNITED STATES LIABILITY ) | |
| INSURANCE GROUP; ) | |
| ENGLE MARTIN & ASSOCIATES, ) | |
| INC., and SCOTT S. BOWERS, SR., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff owned commercial property which was insured by Defendant United States Liability Insurance Group ("USLI"). After Plaintiff's property was damaged in a hail storm, it made a claim with USLI for coverage. Unable to agree on the amount of damage to Plaintiff's property, Plaintiff filed suit against USLI and others. The claims against all parties other than USLI have been dismissed. Defendant USLI now seeks dismissal of Plaintiff's case, asserting it fails to state a claim for relief.

USLI first challenges Plaintiff's claims under the Oklahoma Unfair Claims Settlement Practices Act, 36 Okla. Stat. § 1250.1 et seq. arguing that there is no private cause of action under this statute. Plaintiff concedes the point and Defendant's Motion will be granted on this issue.

USLI challenges Plaintiff's claim for violations of the Oklahoma Consumer Protection Act ("OCPA"). According to USLI, a provision of the Act, specifically 15 Okla. Stat. § 754(2) ("Nothing in this act shall apply to: . . . Actions or transactions regulated under laws

administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States . . .") exempts any claim here, as USLI is regulated by the Oklahoma Department of Insurance. In response, Plaintiff does not dispute that USLI is regulated by the Department of Insurance; however, it argues that the specific actions or transactions challenged here, such as accepting insurance premiums and refusing to pay benefits, offering a product that provides illusory coverage, or other actions related to the adjustment of Plaintiff's claim, are not subject to regulation by the Department of Insurance.

Contrary to Plaintiff's arguments, the Oklahoma Department of Insurance does regulate the very types of claims at issue here: the sale of property insurance and adjustment activities related to that insurance. Therefore, the exception to the OCPA noted above would exclude Plaintiff's claim under that Act. USLI's Motion to Dismiss will be granted on this issue.

USLI argues Plaintiff's claim for breach of fiduciary duty should be dismissed, as Oklahoma law does not recognize the existence of a fiduciary duty between an insured and insurer. In support of its motion, USLI directs the Court to Cosper v. Farmers Insurance Co., 2013 OK CIV APP 78, 309 P.3d 147. Plaintiff argues that Cosper is not as broad as suggested by USLI and should be narrowly construed. According to Plaintiff, Oklahoma law permits fiduciary relationships to arise any time the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person. Quinlan v. Koch Oil Co., 25 F.3d 936, 942 (10th Cir. 1994).

2

The allegations brought by Plaintiff in this case and those by the plaintiff in Cosper are indistinguishable. In rejecting the claim for fiduciary duty by the plaintiff in Cosper, the Oklahoma Court of Civil Appeals recognized "'[t]here are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy'" (quoting Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 12, 979 P.2d 266, 269). Further, in Silver v. Slusher, 1988 OK 53, ¶ 7, n.11, 770 P.2d 878, 882, n.11, the Oklahoma Supreme Court recognized that the relationship between the insured and insurer was arm's length, and they did not stand in any recognized form of "special relationship." In light of these clear statements from Oklahoma courts, the Court finds that Oklahoma would not recognize a claim for breach of fiduciary duty under the circumstances present here. Consequently, USLI's request for dismissal will be granted.

USLI argues that Plaintiff's claim for negligent underwriting should be dismissed. According to USLI, in this claim Plaintiff asserts that USLI was negligent because it was obligated to utilize reasonable validation methodology to determine the cost which it would consider necessary to cover the replacement costs and that USLI wrongfully wrote the policy for more insurance than was necessary to cover the replacement cost. USLI argues that this claim is unsupportable under Oklahoma law on two fronts. First, the Oklahoma Court of Civil Appeals in Mueggenborg v. Ellis, 2002 OK CIV APP 88, ¶ 6, 55 P.3d 452, 453, held that insurers have no duty to advise an insured as to his insurance needs. Second, in Cosper, 2013 OK CIV APP 78, ¶ 8, 309 P.3d at 149, the Oklahoma Court of Civil Appeals held that

an insurer breaches no duty by providing a policy with coverage that may exceed the amount needed to replace an insured's property. The court in Rotan v. Farmers Ins. Grp. of Cos., Inc., 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895, reached a similar conclusion. Based on these cases, it is clear Plaintiff's claim for negligent underwriting is unsupportable under Oklahoma law. USLI's Motion will be granted on this issue.

The same cases are fatal to Plaintiff's claims for constructive fraud/negligent misrepresentation. Because the duty suggested by Plaintiff in its Petition does not exist, Plaintiff's claims fail as a matter of law.

USLI's Motion requests dismissal of Plaintiff's case in its entirety. However, the Petition raises claims for breach of contract and bad faith. USLI has offered no argument challenging either of these claims. Upon review, each states a claim for relief. Therefore, to the extent USLI seeks dismissal, its Motion will be denied.

## CONCLUSION

For the reasons set forth herein, Defendant United States Liability Insurance's Motion to Dismiss (Dkt. No. 6-1) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 24th day of November, 2014.

ROBIN J. CAUTHRON
United States District Judge